IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LINDA D. WILLIAMS,

        Plaintiff,

vs.                              Case No. 06-4027-SAC

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on plaintiff's motion for

attorney fees pursuant to 28 U.S.C. § 2412(d),[1] the Equal Access to

Justice Act (EAJA). The government does not oppose a fee award, but

challenges the amount of the award as unreasonable and disputes

plaintiff's counsel's assertion that the fees should be made payable to him

---

[1] The statute provides: "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

instead of to his client.

**Reasonableness of amount**

"The [EAJA] provides for the award of fees and expenses to the prevailing party in a civil action against the Federal Government, unless the position of the United States was substantially justified." *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 520 (10th Cir.1993) (quotations omitted). The government does not contend that its position was substantially justified, or oppose a fee award, or challenge the hourly rate of fees sought,[2] but solely contends that the number of hours is unreasonable.

For this appeal, plaintiff seeks recovery for 59.40 hours at the rate of $161.85 per hour. It is plaintiff's burden to show the court that the hours claimed were reasonably and appropriately expended on this litigation. *Culler v. Massanari*, No. 96-4164-SAC, 2001 WL 1718033, at *2 (D. Kan. Dec. 20, 2001). Plaintiff seeks to meet this burden by contending that the transcript was voluminous (693 pages) and the briefing was extensive (58 pages initial brief, 14 pages reply brief). Counsel has submitted his own affidavit but none from other counsel in support of his

---

[2]Although the government makes no direct challenge to the rate requested of $161.85 per hour, the government "assumes" a rate of $160.00 per hour in proposing a reasonable fee. *See* Dk. 33, p. 6. The court views the difference between these two rates as insignificant.

conclusion.

The court has carefully reviewed all of the pleadings in the case, including the submissions by the parties and the Report and Recommendation of the United States Magistrate Judge.  The court finds nothing unique or exceptional in the present case that would require an experienced and capable attorney in this field, as counsel admits he is, to devote more time than average to resolve.[3] The issues in this case were typical of Social Security appeals.  Counsel did not take this appeal cold,[4] but represented the claimant at the administrative hearings and was thus very familiar with the record before beginning this appeal.  In light of these circumstances, the court finds that the 50.5 hours[5]  requested solely for brief writing are clearly unreasonable.  The length of the initial brief is

---

[3]"The typical EAJA fee application in social security cases claims between thirty and forty hours." *Hutchison v. Chater*, 1996 WL 699695, at *3 (D. Kan. Oct. 31, 1996) (cited in  *Culler v. Massanari,* 2001 WL 1718033, at *2 (D. Kan. Dec. 20, 2001). *See Nave v. Barnhart* , 2003 WL 22300178 (D. Kan. Oct. 7, 2003); *Peoples v. Shalala*, 1995 WL 462213, at *2 (D. Kan. July 27, 1995); *Austin v. Shalala*, 1994 WL 114845 (D. Kan. Apr. 1, 1994).

[4]Compare  *McMillan v. Barnhart*, (D. Kan. 2005) (permitting EAJA fee for 54.40 hours total where attorney took the case cold).

[5]The court makes this calculation from the entries from June 21 through June 27 (review of transcript and preparation of statement of facts for initial brief), July 21 through July 31 (preparation of argument for initial brief), and Sept. 29, Oct. 4 and 5 (preparation of reply brief).

excessive.[6]  Accordingly, plaintiff has failed to justify the fee sought.

In determining a reasonable fee award, this court need not identify and justify each disallowed hour or announce what hours are permitted for each legal task.  *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir.1986).  Accordingly, courts in this district have not hesitated to disallow hours over 40 as unreasonable in recent routine EAJA social security cases.  *See e.g., Beckner v. Astrue,* 2007 WL 2013608, *1 (D. Kan. 2007) (reducing 47.1 hours to 35 hours, finding 44.6 hours claimed for briefing an ordinary case to be "indeed excessive"); *Brooks v. Barnhart ,* 2006 WL 3027975, *2 (D. Kan. 2006) (reducing 52 hours to 40); *Culler v. Massanari,* 2001 WL 1718033, *1 (D. Kan. 2001) (reducing 43.4 hours to 40).  *See also Hutchison v. Chater*,1996 WL 699695, *3 (D.Kan.1996) (reducing 50 hours to 40); *Peoples v. Shalala*, 1995 WL 462213, at *2 (D. Kan. July 27, 1995) (awarding only the "typical" amount of hours expended-between thirty and forty). *But see Myer v. Barnhart*, 2005 WL 3084898 (D. Kan. 2005) (permitting total EAJA fee for 50.55 hours).

---

[6]Just as counsel must exercise billing discretion, *see Ellis v. University of Kansas Medical Center*,163 F.3d 1186, 1202 (10 Cir.1998)(interpreting § 1988), the court expects counsel to exercise briefing discretion and file only concise statements of fact which focus upon the relevant issues in the case.

The court finds that 37 hours total is reasonable for this case, at the hourly fee requested by plaintiff's counsel.  Accordingly, fees shall be awarded in the amount of $5,988.45.

**Proper Payee**

The parties dispute who the proper payee is for this EAJA fee award.  Plaintiff's counsel contends that the award should be made payable to him, while the defendant asserts the proper payee is the party, not her attorney.  Both parties note that this issue is currently pending before the Tenth Circuit in *Manning v. Astrue*, No. 06-7127.  This court declines to await the Tenth Circuit's decision of that case, believing that the Tenth Circuit is unlikely to publish that decision in light of its existing precedent relating to this issue.

The Tenth Circuit has previously found that "an EAJA award is to the claimant."  *McGraw v. Barnhart*, 450 F.3d 493, 497-498 (10th Cir. 2006).  There, the court focused upon the plain language of the statute, 28 U.S.C. § 2412(d)(1)(A), which states the "court shall award to a prevailing party ... fees and other expenses."

EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded."  *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001).  There are several differences between the two types of fees.  For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based

on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits.  *See id.*; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1).  Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir.1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award.  *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits).  Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1).  If counsel is awarded fees under both the EAJA and the SSA, counsel must refund the smaller amount to the claimant.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002); *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir.1986).

*McGraw v. Barnhart*, 450 F.3d 493, 497 -498 (10th Cir. 2006).  Similarly, in

*Collins v. Romer*, 962 F.2d 1508, 1516 (10th Cir.1992), the Tenth Circuit

interpreted 42 U.S.C. § 1988, which permits the court to allow the

"prevailing party" an amount for attorneys' fees, to mean that such an

award must go "to a party rather than to that party's attorney, even though

in many instances the party will be merely a conduit for the benefit of his

attorney."

This issue was recently and squarely addressed in more depth

in *Dewey v. Astrue*, 2007 WL 2013599 (D. Kan. July 09, 2007), which

illustrates the practical impact of resolution of this issue. *Dewey* held that

the proper payee is the plaintiff and not plaintiff's counsel, even if the end

result is that counsel receives no fees due to an offset.

> Under the EAJA statute, the fees and expenses awarded under
> the statute properly belong to a "prevailing party," as opposed to the
> prevailing party's attorney. *See* 28 U.S.C. § 2412(d)(1)(A) ("a court
> shall award to a prevailing party ... fees and other expenses.").
> Additionally, the Tenth  Circuit recently held that "an EAJA award is to
> the claimant, while counsel receives an SSA award [pursuant to 42
> U.S.C. § 406(b) ]." *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir.
> 2006). The Federal Circuit has also addressed the issue of payment
> of fees under the EAJA: "[A]s the statute requires, any fee award is
> made to the 'prevailing party,' not the attorney.  Thus [the prevailing
> party's] attorney could not directly claim or be entitled to the award; it
> had to be requested on behalf of the party."  *Phillips v. General
> Servs. Admin.*, 924 F.2d 1577, 1582 (Fed. Cir.1991).

*Dewey v. Astrue*, 2007 WL 2013599 (D. Kan. July 09, 2007).  There, the

EAJA fee award made payable to plaintiff was reduced by $7500 for the

party's outstanding delinquent debt to Child Support Enforcement, and

nothing was ultimately paid to plaintiff's attorney from that EAJA fee award.

> Other circuits predominantly hold that when a statute awards

attorneys' fees to a party, the award belongs to the party, not to the

attorney representing the party, citing the plain language of the relevant

statute, as well as policy reasons.  *See e.g.,  Phillips v. General Services

Administration,* 924 F.2d 1577 (Fed. Cir. 1991)*, Oguachuba v. INS*, 706

F.2d 93, 97 (2nd Cir.1983); *United States v. McPeck*, 910 F.2d 509, 513

(8th Cir.1990); *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1510-12 (11th Cir.1988).  *But see Marre v. U.S.*,117 F.3d 297 (5th Cir.1997) (fee award to "prevailing party" under  § 26 U.S.C.A. § 7430 belongs to attorneys even if nominally awarded to plaintiff, and therefore is not subject to set off).

Based upon the precedent of the Tenth Circuit, the court shall order that the award for attorneys' fees pursuant to 28 U.S.C. § 2412(d)(1)(A) be made payable to the plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for attorneys' fees is granted in part and is denied in part, in accordance with the terms of this memorandum.

Dated this 28th day of August, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge